**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NMC Health PLC (in Administration),[2] | ) | Chapter 15 |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | Case No. 20-11385 (MFW) |
| | ) | Re: Docket No. 1, 3, 9 & 23 |

**ORDER RECOGNIZING UK PROCEEDING AS A FOREIGN MAIN
PROCEEDING AND GRANTING RELIEF IN AID THEREOF**

Upon consideration of the Official Form 401 [D.I. 1] and *Verified Petition Under Chapter 15 for Order and Final Decree Granting Recognition of Foreign Main Proceeding and Other Related Relief* [D.I. 3] (together, the **"Chapter 15 Petition"**) and the *Motion of the Foreign Representatives for Chapter 15 Recognition and Final Relief* [D.I. 9] (the "**Motion"**) filed by Richard Dixon Fleming, Mark Firmin and Ben Cairns, in their capacity as the duly authorized joint administrators (in such capacity, jointly, the "**Foreign Representatives**") of NMC Health PLC (in Administration) (the "**Foreign Debtor**" or the "**Company**") as a debtor in administration under English law, pursuant to the Insolvency Act 1986 (the "**UK Proceeding**" or the "**Administration**") pending before the High Court of Justice, Business and Property Courts of England and Wales, Insolvency and Companies List (the "**English Court**"), as well as upon consideration of the *Memorandum of Law in Support of Motion of the Foreign Representatives for Chapter 15 Recognition and Final Relief* [D.I. 10] (the **"Memorandum of Law"**), the *Declaration of R. Craig Martin Regarding Determination of Foreign Law* [D.I. 4] ("**Martin Declaration**"), and the *Declaration of Christopher Mathew Parker in Support of Verified Petition Under Chapter 15 for Order and Final Decree Granting Recognition of Foreign Main Proceeding and Other Related Relief* [D.I. 5] (the "**Parker Declaration**"), and the *Declaration*

---

[2] The Foreign Debtor is incorporated in England and Wales and has the English Company Number of 07712220. The Foreign Debtor's mailing address (and its registered office) is Suite 3 Regency House, 91 Western Road, Brighton, BN1 2NW.

*of Richard Dixon Fleming in Support of Verified Petition Under Chapter 15 for Order and Final Decree Granting Recognition of Foreign Main Proceedings and Other Related Relief* [D.I. 6] (the "**Fleming Declaration**"), and all documents attached to the Martin Declaration, the Parker Declaration and the Fleming Declaration (the **"Petition and Relief Documents"**), and upon consideration of any responses or oppositions to the Motion or Chapter 15 Petition, and after due and sufficient notice of and hearing on the Motion,

        **THE COURT FINDS AND CONCLUDES AS FOLLOWS**:

a. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334;

b. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P);

c. Venue is proper in this district under 28 U.S.C. § 1410;

d. Notice of the hearing on the Motion was sufficient under the circumstances and no further or other notice of or hearing on the Motion is necessary or required;

e. This chapter 15 case was properly commenced and in accordance with 11 U.S.C. § 1504;

f. The Chapter 15 Petition meets all requirements of 11 U.S.C. § 1515;

g. The Foreign Representatives are each a "person" within the meaning of 11 U.S.C. §101(41) and are the duly appointed foreign representatives of the Foreign Debtor within the meaning of 11 U.S.C. §§ 101(24) and 1517(a)(2);

h. The UK Proceeding is a foreign proceeding under 11 U.S.C. § 101(23);

i. The UK Proceeding is pending in the United Kingdom, which is the location of the Foreign Debtor's center of main interests, and, therefore, the UK Proceeding is a foreign main proceeding within the meaning of 11 U.S.C. § 1502(4);

j. The UK Proceeding is entitled to recognition as a foreign main proceeding because it meets the requirements of 11 U.S.C. § 1517;

       k.       Recognition of the UK Proceeding as a foreign main proceeding is not contrary to the public policy of the United States;

       l.       The Foreign Representatives and the Foreign Debtor are automatically entitled to all of the relief available under 11 U.S.C. § 1520, without limitation;

       m.       All relief granted in this Order is necessary to effectuate the purpose of chapter 15 of title 11 of the United States Code and to protect the assets of the Foreign Debtor and the interests of its creditors; and

       n.       All creditors and other parties in interest, including the Foreign Debtor, are sufficiently protected in the grant of the relief ordered hereby in compliance with 11 U.S.C. § 1522(a).

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.       The Motion is GRANTED as provided in this Order.

2.       The UK Proceeding is hereby recognized as a foreign main proceeding in accordance with 11 U.S.C. § 1517 and is given its full force and effect.

3.       All relief authorized by 11 U.S.C. § 1520 shall apply throughout the duration of this proceeding or until otherwise ordered by this Court, including, without limitation, the automatic stay authorized by 11 U.S.C. § 362.

4.       The relief granted in the prior paragraph shall specifically include, but not be limited to, the following provisions:

       i.       No person or entity may (a) commence or continue any legal proceeding (including, without limitation, any judicial, quasi-judicial, administrative, or regulatory proceeding or arbitration) or action against the Foreign Debtor, its assets located in the United States, or the proceeds thereof; (b) enforce any judicial, quasi-judicial, administrative or regulatory judgment,

assessment or order or arbitration award against the Foreign Debtor; (c) commence or continue any legal proceeding or action to create, perfect, or enforce any lien, setoff, or other claim against the Foreign Debtor or against any of its assets located in the United States or the proceeds thereof; and (d) exercise any control over the Foreign Debtor's assets located in the United States except as authorized by the Foreign Debtor in writing.

ii. The Foreign Representatives are hereby granted the rights, powers, protections, privileges, and immunities of a trustee in a bankruptcy in the United States during this chapter 15 case. No action taken during such period by the Foreign Representatives, or their agents, representatives, advisors, or counsel, in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the UK Proceeding, this Order, this chapter 15 case, any adversary proceeding, or any further proceeding commenced in this chapter 15 case shall be deemed to constitute a waiver of the immunity afforded such person under 11 U.S.C. §§ 306 or 1510.

5. The provisions of 11 U.S.C. §§ 363, 549, and 552 apply to a transfer of an interest of the Foreign Debtor in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of the estate.

6. The right to transfer, encumber, or otherwise dispose of the Foreign Debtor's assets absent the express written consent of the Foreign Debtor is hereby suspended.

7. The Foreign Representatives are entrusted with the right to operate the Foreign Debtor's business, exercise the rights and power of a trustee, and is entitled to administer and

realize all or part of the Foreign Debtor's assets within the territorial jurisdiction of the United States.

8. Nothing in this Order shall enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent set forth in sections 362(b) and 1521(d) of the Bankruptcy Code.

9. Notice of this Order shall be served in accordance with this Court's *Order Specifying Form and Manner of Service of Notice of Hearing on Chapter 15 Petition and Recognition and for Related Relief* [D.I. 19] within two (2) business days of entry of this Order. Service in accordance with this Order constitutes adequate and sufficient service and notice for all purposes.

10. The Petition and Relief Documents shall be made available by the Foreign Representatives upon request in writing to its counsel, DLA Piper LLP (US), 1201 North Market Street, Suite 2100, Wilmington, Delaware 19801, Attn: R. Craig Martin, Esq. and 500 Eighth Street, NW, Washington, DC 20004, Attn: Erik F. Stier, Esq.

11. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") to the contrary including, but not limited to Bankruptcy Rules 7062 and 1018, (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Foreign Representatives are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representatives or the Foreign Debtor are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

12. This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Motion, the Chapter 15 Petition, or the implementation of this Order.

**Dated: June 17th, 2020**
**Wilmington, Delaware**

*Mary F. Walrath*
**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

6

EAST\174856431.1